**[Cite as *Craig v. Craig*, 2025-Ohio-4982.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

McKayla Craig                                    Court of Appeals No.  S-25-013

         Appellant                         Trial Court No.  24 DR 620

v.

Ian Craig                                         **<u>DECISION AND JUDGMENT</u>**

         Appellee                            Decided: October 31, 2025

\* \* \* \* \*

Lisa Snyder, for appellee.

Shelly Kennedy, for appellant.

\* \* \* \* \*

**SULEK, P.J.**

**{¶ 1}** Appellant Ian Craig appeals the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, granting a divorce between him and appellee McKayla Craig.  For the reasons that follow, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} Ian and McKayla were married on August 31, 2019. They have one child from the marriage, E.C., born on October 15, 2022.

{¶ 3} On July 1, 2024, McKayla filed a complaint for a divorce.

{¶ 4} On October 28, 2024, the parties entered a consent judgment agreement for a temporary order. In the temporary order, McKayla was designated the residential parent, with Ian having parenting time as agreed when he is in the area on leave from his active service in the United States military. The temporary order further set forth child support and medical insurance obligations, and divided the automobiles between the parties. The temporary order was signed by both Ian and McKayla.

{¶ 5} On March 6, 2025, the trial court held a hearing on the complaint for divorce. Ian was not present at the hearing but was represented by his attorney and his mother who was acting as his agent through a previously executed power-of-attorney. Ian's attorney did not have the executed power-of-attorney with him and had not filed it in the case, but represented to the court that he prepared it and Ian executed it in his presence.

{¶ 6} At the hearing, the parties announced that a settlement had been reached, and the terms of the agreement were read into the record.

{¶ 7} Like the temporary order, McKayla was designated as the residential parent, with Ian having parenting time when he is on leave from the military. The agreement included an additional provision that Ian was required to give notice of his intent to visit

2.

E.C. within 24 hours of his receiving notice of approved leave from the military. Other terms of the agreement pertaining to E.C. were similar to the temporary order.

{¶ 8} The agreement also divided the parties' property, with the parties splitting Ian's Thrift Savings Plan, but otherwise each retaining his or her own deposit and retirement accounts, debts, and household goods and furnishings in his or her own respective possession. The agreement also stated that Ian would pay spousal support in the amount of $1,250 per month for a period of 12 months.

{¶ 9} Following the reading of the terms into the record, McKayla and Ian's mother were separately questioned and each assented to the agreement. The parties presented the signed consent Judgment Entry of Divorce to the court, with Ian's mother signing on his behalf.

{¶ 10} McKayla's counsel noted that the power-of-attorney needed to be filed with the judgment entry. Ian's counsel stated that the document was at his office and inquired if it could be filed with the court the next day. The trial court responded,

> [M]y intention of requiring [the power-of-attorney] wasn't necessarily to hold up the decree, but I do think that there's been an assurance that it would be filed today. Just need – my suggestion is, it's filed with a Notice of Filing so that that is done as soon as practical as . . . it's been represented today through testimony. I just think it's better that that be filed.

{¶ 11} Following the hearing, the trial court approved and signed the consent judgment entry, and it was filed on March 6, 2025. Ian's counsel filed the power-of-attorney on March 7, 2025.

3.

## II. Assignment of Error

{¶ 12} Ian timely appeals the March 6, 2025 judgment entry of divorce, asserting one assignment of error for review:

> 1. The lower court abused its discretion in accepting a divorce settlement agreement outside the presence of the appellant and by relying solely on the testimony of an agent acting under [a] power of attorney.

## III. Analysis

{¶ 13} In support of his assignment of error, Ian argues that the trial court should not have accepted the divorce settlement agreement because he was not present and the trial court did not receive direct confirmation of his intent and voluntary acceptance of the settlement agreement, and because the trial court did not adequately examine whether he had expressly or impliedly conferred authority on his mother to enter into the settlement agreement on his behalf.

{¶ 14} "Absent fraud, duress, overreaching, or undue influence, a settlement agreement entered into by parties in a divorce is enforceable." *Naples v. Naples*, 2009-Ohio-1427, ¶ 7 (9th Dist.), quoting *Haas v. Bauer*, 2004-Ohio-437, ¶ 16 (9th Dist.). "[W]hen the parties agree to a settlement offer, [the] agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement." *Id.*, quoting *Haas* at ¶ 16. "This court reviews a trial court's decision to adopt a settlement agreement for an abuse of discretion." *Id.* An abuse of discretion connotes that the trial court's ruling was arbitrary, unreasonable, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

4.

{¶ 15} Here, Ian's mother, acting as his agent through the executed power-of-attorney, conveyed his informed and voluntary acceptance of the settlement agreement. If she had authority to do so, then the trial court received Ian's direct consent, and the settlement agreement is binding. *See Cincinnati Golf Mgt., Inc. v. Testa*, 2012-Ohio-2846, ¶ 24 ("[B]inding the principal to agent-made contracts typically requires that the agent make the contracts on the principal's behalf *with actual authority to do so*." (Emphasis sic.)). Notably, Ian does not argue that his mother lacked the actual authority to act as his agent in this manner in the divorce proceedings. Thus, his claims that the trial court was required to obtain evidence of voluntary acceptance from him personally are without merit.

{¶ 16} Alternatively, Ian argues that the trial court should have inquired into the scope of his mother's authority before accepting the settlement agreement. Again, Ian does not contest the validity of his mother's authority as his agent through the power-of-attorney. Instead, he merely suggests that the trial court abused its discretion when it did not investigate the matter more thoroughly before approving the settlement agreement.

{¶ 17} Upon review, the trial court's decision to accept the settlement agreement without first seeing the power-of-attorney form was not unreasonable, arbitrary, or unconscionable. Considering Ian's active-duty military service and his inability to be present at the hearing, the trial court reasonably relied on the representation of Ian's counsel that the form had been completed and that it would be filed with the court the next day. Its decision to sign the settlement agreement to not "hold up the decree," was not an abuse of discretion.

5.

**{¶ 18}** In sum, the trial court received direct evidence of Ian's consent to the settlement agreement through the testimony of his mother acting as his agent through a power-of-attorney that Ian does not contest. Further, the trial court's decision to approve the settlement agreement, relying on the representation of Ian's counsel that the power-of-attorney had been completed and would be filed the next day, was not an abuse of discretion.

**{¶ 19}** Accordingly, Ian's assignment of error is not well-taken.

### IV. Conclusion

**{¶ 20}** For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed. Ian is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Charles E. Sulek, P.J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.